(No. 4448—)

NEVA T. COMBS, WIDOW, ET AL, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed July 8, 1952.*

HANAGAN AND HANAGAN, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; ROBERT S. HILL AND CHARLES H. EVANS, Assistant Attorneys General, for Respondent.

DELANEY, J.

This complaint was filed on June 19, 1951 by claimants, Neva T. Combs, widow of Virgil L. Combs, deceased, and Lynn Darlene Combs and Michael Lee Combs, minor children of Virgil L. Combs, deceased, by Neva T. Combs, their mother, natural guardian, and next friend, seeking an award under the provisions of the Workmen's Compensation Act.

The record consists of the complaint, motion of respondent for an extension of time in which to file pleadings, order of Chief Justice granting respondent

an extension of time in which to file pleadings, Departmental Report, and transcript of evidence.

No jurisdictional question is raised. Respondent and claimant were operating under the Workmen's Compensation Act, and the accident in question arose out of and in the course of the employment.

Deceased, Virgil L. Combs, was first employed by the Division of Motor Carriers as a motor carrier inspector on May 25, 1949, and had been so employed to the date of his death on June 9, 1951. The record shows deceased left two children under 18 years of age. His earnings for the year prior to his death were $3,059.00.

The record further shows that on the afternoon of June 9, 1951 deceased started from his home at West Frankfort, Illinois to deliver some ST-1 cards to the Matt & Dalton Garage at Christopher, Illinois, and, about three miles west of the city limits of West Frankfort, his car left the pavement, and went into a ditch on the side of the highway. Within a short time thereafter Mr. Combs died due to a subdural hemorrhage caused by an injury to the meningeal artery.

Deceased's compensation rate would be the maximum of $15.00. Section 8 (j-3) of the Workmen's Compensation Act provides for a weekly maximum payment of $16.00 in the case of two minor children, and, since the injury occurred subsequent to July 1, 1949, this must be increased 50%, making a compensation rate of $24.00 per week.

The claimants are entitled to an award under Section 7 (A-H-3) of the Workmen's Compensation Act in the amount of $7,500.00, payable as follows:

$1,350.86, which has accrued from June 10, 1951 to July 8, 1952, is payable forthwith;

$6,149.14, to be paid in weekly installments of $24.00 beginning July 15, 1952 for a period of 256 weeks, with a final payment of $5.14.

Marguerite Holman was employed to take and transcribe the evidence at the hearing before Commissioner Frank M. Summers. Charges in the amount of $50.00 were incurred for these services, which charges are fair, reasonable and customary. An award is, therefore, entered in favor of Marguerite Holman in the amount of $50.00, which is payable forthwith.

All future payments being subject to the terms and provisions of the Workmen's Compensation Act of Illinois, jurisdiction of this cause is specifically reserved for such further orders as may from time to time be necessary.

This award is subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees".